UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS HERVIN,

                Plaintiff,                Civil Case No. 07-CV-13248

vs.

MORTGAGE ELECTRONIC            PAUL D. BORMAN
REGISTRATION SYSTEMS, INC. and   UNITED STATES DISTRICT JUDGE
MATRIX FINANCIAL SERVICES
CORPORATION

                Defendants.
_____ /

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Now before the Court is Defendants Mortgage Electronic Registration Systems, Incorporated's and Matrix Financial Services Corporation's ("Defendants'") August 4, 2008 Motion for Summary Judgment. (Doc. No. 29). A hearing on this issue was held on October 22, 2008. Plaintiff Thomas Hervin ("Plaintiff") did not file a response nor attend the hearing.[1] Having considered the entire record, and for the reasons that follow, the Court GRANTS Defendants' Motion for Summary Judgment.

---

[1] The Sixth Circuit has held, "the non-moving party bears a burden once the movant has pointed to record evidence showing that there are no genuine issues of material fact. . . . This burden to respond is really an opportunity to assist the court in understanding the facts. But if the non-moving party fails to discharge that burden—for example, by remaining silent—its opportunity is waived and its case wagered." *Guarino v. Jones*, 980 F.2d 399, 405 (6th Cir. 1992).
      In this case, Plaintiff has failed to respond to Defendants' Motion for Summary Judgment. Further, Plaintiff has failed to request an extension of time in which to file a response. Therefore, the Court finds that Plaintiff has "wagered" its case and accepts the facts as set forth by Defendants.

## I. BACKGROUND

This action arises from Plaintiff's alleged trip and fall accident that occurred at a foreclosed residential property located at 18454 Grandville Avenue, Detroit, Michigan ("Property"). (Compl. ¶ 13). Defendants were involved in servicing the original loan on the Property that was the subject of the foreclosure. (Defs.' Br. 1).

On December 17, 2005, Plaintiff contends he was in the process of viewing the Property when he tripped on unsecured carpet and fell while descending a staircase. (Compl. ¶ 13). In his response to Defendants' November 16, 2007 Motion for Partial Summary Judgment, Plaintiff asserts that he was at the Property through arrangements with Defendants' realtor, who provided Plaintiff with lockbox information, so that Plaintiff could inspect the property for possible purchase. (Doc. 15, Pl.'s Resp. Br. 2).

Defendants contend that Plaintiff did not obtain permission from Defendants to enter the home. The listing agent for the Property, Chuck Cacchione, confirms that Plaintiff did not have permission to enter the Property. (Defs.' Br. Ex. 1, Cacchione Aff. ¶6). In fact, Mr. Cacchioone claims that "[n]either he nor anyone in [his] office would have given permission to anyone other than a licensed and registered realtor to gain physical access to the property." (*Id*. ¶5). Instead, Defendants assert that Plaintiff did not need access to the lock box number to gain access to the Property because the door to the Property had been kicked in at the time of the incident. (Defs.' Br. 2, Ex. 2).

It is undisputed that Plaintiff was alone at the property at the time of his alleged fall. It is also undisputed that on the date of the alleged incident the weather had been severe with high snow accumulation and icy conditions.

Plaintiff alleges that as he was walking down the stairs from the second floor to the main floor, he slipped and fell when the carpet, which Plaintiff's claims was defectively affixed to the surface of the stairs, slipped out from under Plaintiff. (Compl. ¶ 13). Plaintiff further alleges that as a result of the fall, he suffered permanent serious injuries, including a compound fracture of his right leg and ankle, which required open reduction and internal fixation. (*Id.* ¶ 17).

On June 27, 2007, Plaintiff filed this action in the Circuit Court for the County of Wayne, Michigan. Plaintiff alleges two counts in his Complaint. Count I alleges violations of: the Michigan Real Estate Statute, the Stille-DeRossett-Hale Single State Construction Code Act, the Michigan Housing Statute, and unspecified City of Detroit code/ordinance violations. Count II alleges premises liability. On August 3, 2007, Defendants removed the action to this Court.

On February 19, 2008, the Court filed a Stipulated Order Dismissing Plaintiff's Claims of Statutory and Local Ordinance and Code Violation With Prejudice. (Doc. 22). On August 4, 2008, Defendants filed the present motion seeking dismissal of Plaintiff's remaining premises liability claim.

## II.   ANALYSIS

### A.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317,

322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322–23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The rule requires that non-moving party to introduce "evidence of evidentiary quality"

4

demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

**B.    Premises Liability**

In the instant case, jurisdiction is based upon diversity of citizenship. 28 U.S.C. § 1332(a)(1) (2008). For this reason, the Court must apply Michigan state law to the action. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

Under Michigan law, a prima facie case of premises liability negligence requires Plaintiff to set forth four elements: duty, breach of that duty, causation, and damages. *Fultz v. Union-Commerce Assocs.*, 470 Mich. 460, 463 (2004).

Defendants argue that Plaintiff's premises liability action fails because they owed no duty to Plaintiff because he entered the Property without their permission—that is, because Plaintiff was a trespasser.   The Court agrees.

Michigan continues to abide by the three common-law classifications for persons who enter upon the land or premises of another: (1) trespasser, (2) licensee, or (3) invitee. *Stitt v. Holland Abundant Life Fellowship*, 462 Mich. 591, 596 (2000) (citing *Wymer v. Holmes*, 429 Mich. 66, 71 n.1 (1987)). "Each of these categories corresponds to a different standard of care that is owed to those injured on the owner's premises.  Thus, a landowner's duty to a visitor depends on that visitor's status." *Stitt*, 462 Mich. at 596.

Under the premise liability classifications, an invitee is entitled to the highest level of protection. *Id*. An invitee is someone who enter upon someone's real property by invitation with an understanding that reasonable care has been used to make the premises safe for the invitee. *Wymer v Holmes*, 429 Mich. 66, 71 n.1 (1987). Therefore, the landowner has a duty of care to warn

the invitee of any known dangers, and to make the premises safe. To do so, the landowner must inspect the premises, make any necessary repairs, or warn of any discovered hazards. *Id*.

Licensees are entitled to the next highest level of protection. "A 'licensee' is a person who is privileged to enter the land of another by virtue of the possessor's consent." *Stitt*, 462 Mich at 596. Typically, this means social guests. *Id*. "A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved." *Id*. Therefore, the landowner does not owe a duty to the licensee to ensure that premises are safe for his or her visit. *Id*.

Trespassers are afforded the least amount of protection. "A 'trespasser' is a person who enters upon another's land, without the landowner's consent. The landowner owes no duty to the trespasser except to refrain from injuring him by 'wilful and wanton' misconduct." *Id*. If, however, the landowner is "aware of the presence of a trespasser . . ., or if in the exercise of ordinary care he should know of their presence, he is bound to use ordinary care to prevent injury to them arising from active negligence." *Schmidt v. Michigan Coal & Mining Co.*, 159 Mich. 308, 311–312 (1909). This is more commonly known as the duty to known or constant trespassers. *Pippin v. Atallah*, 245 Mich. App. 136, 145 (2001). "Active negligence," in the known trespasser context, means that a landowner owner has a duty to refrain from negligent conduct once he or she becomes aware or should have been aware of the trespassers's presence. *Id.* (citing *Preston v. Austin*, 206 Mich. 194, 201 (1919)). Thus, the duty to refrain from active negligence "does not encompass conduct that occurred before the trespasser arrived." *Pippin*, 245 Mich. App. at 136.[2]

---

[2] Michigan does not follow the general rule of landowner duty to known trespassers articulated in the Second Restatement of Torts § 335, which provides that landowners have a duty to warn known or constant trespassers of highly dangerous conditions on the landowner's property. *See Pippen*, 245 Mich. App. at 145; RESTATEMENT (SECOND) OF TORTS §§ 335

In this case, Defendant claims that Plaintiff was a trespasser and that accordingly, it did not owe any duty to Plaintiff except to refrain from wilful or wanton misconduct against him. In his Complaint, Plaintiff asserts that he was a "business invitee" on the Property on day of the alleged incident.[3] Because Plaintiff has not set forth any specific facts which demonstrate that there are genuine fact issues as to whether he had Defendants' permission to enter the property, the Court finds that he did not have permission to enter the Property and was, therefore, a trespasser. Accordingly, the Court concludes (1) that as a trespasser, Defendants owed no duty to Plaintiff other than to refrain from wilful and wanton misconduct, (2) that Defendants breached no such duty, and (3) that Defendants are entitled to summary judgment on Plaintiff's premises liability claim.

### III. CONCLUSION

For all these reasons, the Court GRANTS Defendants' Motion for Summary Judgment (Dkt. No. 29).

**SO ORDERED.**


                                              **s/Paul D. Borman**
                                              **PAUL D. BORMAN**
                                              **UNITED STATES DISTRICT JUDGE**

**Dated: November 21, 2008**

---

(1965); *Humphrey v. Glenn*, 167 S.W.3d 680, 685 n.3 (Mo. 2005) (citing states adopting the Restatement approach).

[3] Even if Plaintiff had argued that he was a known trespasser, which he has not, his claim would fail because there is no evidence that Defendants affirmatively did anything to make the stairs unsafe once they should have become aware of the presence of trespasser—i.e., once they discovered that the door to the home had been kicked in.

**CERTIFICATE OF SERVICE**

**Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 21, 2008.**

                                            **s/Denise Goodine**
                                            **Case Manager**